**COMMONWEALTH**
v.
**Richard HENEBURY, Jr.**

**No. 80-1034**

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

**September 10, 1980**

Counsel of Record
Michael Lappin

## MEMORANDUM OF DECISION

I am dictating my findings, rulings and order from the bench. I reserve the right to amplify on them in writing, supplying further citations, but I will not change any of the findings.

On September 21, 1979, at approximately 11:30 p.m., Carleton King left his home at 257 Broadway, Somerville, to purchase cupcakes at a nearby Sunnyhurst Farm. Mister King is a mildly retarded man in his twenties who works as a dishwasher in Boston and lives in a group home at the above address. He had been given twenty dollars by the Supervisor of the home to purchase the cupcakes. The area in which he lives is well lighted both from pole lights to illuminate the sidewalk and from streetlights to illuminate Broadway. Close to his home he was confronted by two young men who pushed him into the bushes. One held a knife against him and said: "Give me your money or I'll kill you." At this moment the individual confronting him was but inches away from Mister King's face. Mister King, in fear for his life surrendered the change from the twenty dollars. The individual said: "Count to ten," and both fled. The entire incident lasted approximately one minute. Immediately thereafter upon returning home, Mister King reported the incident to his group home Supervisor and the police were called. Mister King described the man with the knife as being about twenty years old, having light brown hair, wearing a brown

leather coat and brown pants.

The following day Mister King went to the Police Station where he examined various books of photographs. He understood that he was looking through the photographs to see if he could identify his assailants. The police gave him no instructions and he sat by himself. Upon pointing out to a police officer the photograph of an individual whom he said: "Looked like," his assailant, the officer told him he should look carefully at the pictures to be sure. He then continued to examine the books until he picked out photograph number 215, a photo of the defendant, Richard Henebury. At this point Mister King said: "That's the guy."

Mister Henebury was subsequently arrested and appeared at a Probable Cause Hearing in the Somerville District Court. On the morning of the Hearing there were approximately one hundred persons in the courtroom. Mister Henebury's Attorney asked if he might be seated with the spectators prior to Mister King being brought into the courtroom for a possible identification and the presiding Judge adopted this procedure. See **Commonwealth V. Napolitano,** Mass. Advance Sheets (1979) 1955, 1961. Once Mister Henebury had taken his seat in the public area of the courtroom, Mister King was ushered in and asked to look around the courtroom to see if he could identify his assailant. At this time Mister Henebury was seated to the right side of the courtroom. Mister King, looking only to the left walked out among the spectators and identified one Donald Brown as his attacker. A photograph of Mister Brown, in evidence before me, reveals that he displays a fairly marked similarity in features to Mister Henebury, both being blond and both having approximately the same build and physical characteristics. Mister King then left the courtroom. The District Attorney desired him to try again and over the objection of the defendant's Counsel, Mister King was again brought into the courtroom and asked if he could identify his assailant. Although Mister Brown was still seated among the spectators, this time Mister King, still looking only to the left side of the courtroom, walked among the spectators and identified one Patrick Henebury as his attacker. It is agreed that Patrick Henebury is the defendant's brother and from a photograph in evidence before me I discern that he bears a striking resemblance to the defendant. After these two apparent misidentifications, the Assistant District Attorney apparently gave up trying to have Mister King visually identify Mister Henebury and sought instead to have Mister King make an identification of photo number 215 which he had earlier picked out at the Police Station. When Mister King was called to the stand for this interrogation, Mister Henebury was seated in the dock between two dark haired individuals one of whom was bearded. As the Assistant District Attorney approached Mister King with a single photograph, he was interrupted by the Judge who requested that a full array be displayed to Mister King while on the stand, apparently to better insure the veracity of his identification. See **Commonwealth V. Powell,** Mass. Appeals Court Advance Sheets (1980) 1149-1152-1153. As the District Attorney turned to produce additional photos, the Judge, himself, asked Mister King whether he saw his attacker in the courtroom. Now, with Mister Henebury seated in the dock between two dissimilar individuals, Mister King looked across the courtroom and positively identified the defendant Richard Henebury as his assailant.

The defendant seeks to suppress this identification as unduly suggestive. The Commonwealth relies heavily on **Commonwealth V. Napolitano,** Mass Advance Sheets (1979) 1955, 1960 for the proposition that an identification of

a defendant in the dock is not unduly suggestive. In the circumstances of this Case, however, I find the procedures followed to be suggestive indeed. The identification in question was made after two false starts and then only after the defendant had been seated in the dock across from the plaintiff between two entirely dissimilar individuals. I infer that Mister King knew that his first two identifications had been mistaken in police eyes and that the authorities desired him to name a third person. This, coupled with the inherent suggestiveness of the dock -- ` See **Commonwealth V. Napolitano, supra, Walker vs. Butterworth** (First Circuit 1979) -- makes this type of confrontation unduly suggestive.

Nor has the Commonwealth carried its burden of proving by clear and convincing evidence that despite the suggestiveness of the in-court identification the original observation was so reliable to permit identifications following that here found tainted. **Manson V. Braithwaite** 432 U.S. 98, 114 (1977) While the area in question was well lighted, the opportunity for observation was fleeting and Mister King has shown no consistent adherence to any one individual as his attacker. Indeed, during the Hearing on the Motion to Suppress, Mister King, who appears most easily influenced by leading questions, was asked on cross examination whether the photo of Patrick Henebury was a photo of his assailant and he agreed that it was. Under all the circumstances, the defendant's Motion of Suppress identification testimony must be allowed as to all identifications including and following the identification of Richard. Henebury made during the Probable Cause Hearing in the Somerville District Court. It should be noted that in so ruling the Commonwealth is not precluded from introducing evidence of Mister King's original identification of

Mister Henebury's photograph at the Police Station since this procedure was not suggestive in any way and the array of photos presented to Mister King was entirely neutral, Mister Henebury not being distinguished in any way.

It is so ordered.

**William G. Young**
**Justice of the Superior Court**